**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DeJOHNN PORCH,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>MASTERFOODS USA, INC., a Delaware Corporation, and DOES 1 to 500, inclusive,<br><br>              Defendants-Appellees. | No. 08-56767<br><br>D.C. No. 2:06-CV-06431-SVW-CW<br><br>MEMORANDUM * |

On Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 3, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW, and CALLAHAN, Circuit Judges.

The district judge did not err in granting summary judgment against

DeJohn Porch on his first two causes of action, for (1) failure to pay nonexempt

---

  *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

employees overtime wages and (2) failure to provide lunch periods in violation of Cal. Labor Code § 512. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The evidence established no genuine issue of fact to support his claim that he was prevented from taking the half hour lunch break to which he was entitled. Porch was not barred from leaving the premises during his lunch break, and he was not barred from obtaining overtime pay for working through his lunch break. There was no evidence that Porch was deprived of any breaks to which he was entitled or put in claims for any overtime he did not receive, and the evidence was uncontradicted that employees who did report overtime were paid the overtime and were not penalized for reporting it whether or not the overtime was pre-authorized. No genuine issue is established by Porch's evidence that his supervisor could see him eating lunch at his desk and should have known that he was working overtime even though he did not put in claims. Employees were free to take their lunch breaks at their desks if they chose, and eating at one's desk does not establish that the employee was working rather than taking a break at his desk.

Consequently, Porch's claim under California Labor Code § 512 fails for lack of a factual predicate. The most Porch established was that an employee could theoretically be disciplined for claiming overtime that was not authorized by his supervisor, but that is not the same thing as a claim that employees were required to work overtime without claiming it. Being encouraged but not required to eat lunch in the company cafeteria does not amount to being "require[d] . . . to work during any meal or rest period" under California Labor Code § 226.7. Masterfoods complied with California Industrial Welfare Commission Order No. 4-2001 § 7(A)(3), which requires employers to record meal periods, by establishing a half-hour lunch break and providing employees the opportunity to modify the automated meal time records if they took no meal break or a longer meal break. In Cicairos v. Summit Logistics, Inc., 35 Cal. Rptr. 3d 243, 252 (Cal. Ct. App. 2005), by contrast, the employee truck drivers were not given any means of recording their meal breaks despite being required to record various other data into their trucks' onboard computer systems. No authority requires employers to record the exact time of meal breaks, Masterfoods had a policy of half hour meal breaks, and it did record when an employee advised that he did not take his meal break.

Porch's claim for failure to provide rest breaks in violation of Cal. Labor Code § 226.7 fails. He has not identified any authority that supports the proposition that California law prohibits taking meal and rest periods together. Moreover, Masterfoods' failure to provide a code for employees to report missed rest periods is not actionable, because state law does not require employers to record rest periods. Cal. Code Regs. tit. 8, § 11070. Because Porch did not establish a genuine issue of fact as to whether any amounts due him were not paid, he was not entitled to penalties under California Labor Code § 203. Porch's final two claims, for record-keeping violations under Cal. Labor Code § 226 and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, fail as derivative of his previous claims.

**AFFIRMED.**

4